NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DAVID BROWN, | : |
| Petitioner, | : Civ. No. 23-605 (CCC) |
| v. | : **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

**CECCHI, District Judge**

In February 2023, petitioner David Brown, a defendant in a criminal matter before the undersigned, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his ongoing federal criminal proceedings. ECF No. 1. For the reasons below, the petition will be dismissed without prejudice.

When he filed his petition, Petitioner was a "pre-indictment detainee [] waiting to be indicted on criminal charges." *Id.* at 2. He has since been indicted for possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and his criminal proceedings are ongoing. *See United States v. Brown*, Crim. No. 23-83, ECF No. 27 (indictment). Brown is not currently confined in a penal institution, as he has been released subject to conditions, including home confinement and electronic monitoring. *Id.*; ECF No. 14 (order setting conditions of release). Brown is represented by CJA counsel in his criminal proceedings.

In his *pro se* petition, Brown asserts that his conditions of release—*e.g.*, his home confinement and electronic monitoring—are unconstitutional because he was arrested illegally based on unreasonable searches and seizures of his person and property. ECF No. 1 at 3, 7–8. He

seeks a declaration that "i) the December 17, 2021, stop and arrest of [his] person by law enforcement was illegal; ii) the December 17, 2021, search of [his] car by law enforcement was illegal; [and] iii) [his] ongoing detention is illegal." *Id.* at 9.

"A petitioner may only use habeas corpus to challenge unlawful or unconstitutional 'custody.'" *Marshalek v. Warden of Hudson Cnty. Corr. Ctr.*, No. 21-957, 2021 WL 423758, at *2 (D.N.J. Feb. 8, 2021) (quoting 28 U.S.C. § 2241(c)). Federal courts have interpreted "custody" for habeas purposes broadly and have found a petitioner to be in "custody" where he is "subject both to 'significant restraints on liberty . . . which are not shared by the public generally,' along with 'some type of continuing governmental supervision.'" *See*, *e.g.*, *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003). "An individual need not be incarcerated to be considered in custody for purposes of § 2241. Indeed, in the criminal context, an individual who is on parole or released on his or her own recognizance is deemed in custody because of the significant restrictions imposed on his or her freedom." *Kumarasamy v. Att'y Gen. of U.S.*, 453 F.3d 169, 172 (3d Cir. 2006), *as amended* (Aug. 4, 2006) (citations omitted).

Here, in light of the restrictions imposed on Petitioner's freedom by the order setting his conditions of release, including home confinement and electronic monitoring (*see* Crim. No. 23-83, ECF No. 14), the Court finds that he is in custody for purposes of § 2241. However, as explained below, § 2241 is not the appropriate vehicle for the asserted challenges.

In *Whitmer v. Levi*, 276 F. App'x 217, 219 (3d Cir. 2008), the Third Circuit held: "Where a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition." *Id*. In *Reese v. Warden Philadelphia FDC*, 904 F.3d 244 (3d Cir. 2018), the Third Circuit explained the reasoning behind this rule:

> Section 2241 confers on district courts the authority to entertain applications for a writ of habeas corpus filed by prisoners claiming to be "in custody in violation of the Constitution or laws or treaties of the United States."  § 2241(c)(3). Nevertheless, "a habeas court is 'not bound in every case' to issue the writ." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)). Thus, even in cases where the habeas court has the authority to grant relief, it must consider "whether this be a case in which that power ought to be exercised." *Id.* (alteration omitted) (quoting *Ex parte Watkins*, 28 U.S. (3 Pet.) 193, 201 (1830)); *see also Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (discussing prudential concerns that may counsel against using habeas power).
>
> Courts have consistently refused to exercise their habeas authority in cases where federal prisoners have sought relief before standing trial. Instead, Courts have long stressed that defendants should pursue the remedies available within the criminal action.  *See*, *e.g.*, *Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547, 551 (1905) (vacating order granting habeas relief to federal pretrial detainees because there was "nothing in this record to disclose that there were any special circumstances which justified a departure from the regular course of judicial procedure" of pretrial motions and, if necessary, appeal); *see also Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) (adopting "the general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial").
>
> Funneling requests for pretrial relief through the criminal action encourages an orderly, efficient resolution of the issues, maintains respect for the appellate process, and prevents duplication of judicial work and judge-shopping. *See United States v. Addonizio*, 442 U.S. 178, 184 n.10 (1979) (explaining that "the writ of habeas corpus should not do service for an appeal," and that "[t]his rule must be strictly observed if orderly appellate procedure is to be maintained" (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 274 (1942))); *see also Medina*, 875 F.3d at 1028–29 (identifying similar interests).

*Reese*, 904 F.3d 244, 246–47.

Moreover, "where a petitioner's criminal motions are denied, a criminal defendant may not properly seek habeas relief until after his trial and direct appeal." *Patterson v. Dist. of New Jersey*, No. 21-16228, 2021 WL 5864068, at *2 (D.N.J. Dec. 10, 2021) (citing *Johnson v. United States*, 265 F. App'x 79, 80 (3d Cir. 2008)). "Even once his direct appeal has concluded, the proper habeas mechanism through which a petitioner may challenge his federal conviction or sentence is a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255, not a § 2241 petition."

3

*Patterson*, 2021 WL 5864068, at *2 (citing *Johnson*, 265 F. App'x at 80); *see also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (noting that a motion filed pursuant to § 2255 is the presumptive means for challenging a federal conviction). Thus, where a pre-trial criminal detainee seeks to challenge his pending prosecution through a § 2241 habeas petition, the correct course of action is for the Court to dismiss the petition. *Reese*, 904 F.3d 248; *Whitmer*, 276 F. App'x at 219; *Johnson*, 265 F. App'x at 80.

For these reasons, Petitioner's challenges to the charges he is facing, including the conduct of law-enforcement officers during his stop and arrest, must be pursued through pretrial motions in his criminal case, not via a pretrial § 2241 petition. *Reese*, 904 F.3d at 47 ("[I]nsofar as Reese sought to challenge the charges against him or the conduct of law-enforcement officers during arrest or interrogation, he was required to do so through pretrial motions in his criminal case, not via a pretrial § 2241 petition."). His § 2241 petition must therefore be dismissed.

**Accordingly, IT IS** on this 6th day of October, 2023,

**ORDERED** that Petitioner's § 2241 petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail and shall **CLOSE** the file.

*s/Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**

4